UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| MARIA BARRAGAN and ANGEL ALVAREZ, as Next Friend to A.A. JR., A.A., and A.A., | § § § | CV No. 4:14-CV-93-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| GENERAL MOTORS LLC, U-HAUL INTERNATIONAL, INC., and AMERCO, | § § § | |
| | § | |
| Defendants. | § | |

ORDER DENYING CAMPAS'S MOTION TO INTERVENE, DENYING
PLAINTIFFS' MOTION FOR JOINDER, AND DENYING PLAINTIFFS'
MOTION FOR REMAND

Before the Court is a Motion for Joinder and Motion to Remand (Dkt. # 24) filed by Plaintiffs Maria Barragan and Angel Alvarez as next friend to A.A. Jr., A.A., and A.A. (collectively, "Plaintiffs") and Ruby Campas ("Campas") as next friend to N.B. and A.B.  Also before the Court is a Motion to Intervene filed by Campas (Dkt. # 14).  At the hearing, Robert P. Woodliff, Esq., represented Plaintiffs, Raymond D. McElfish, Esq., represented Campas, David R. Montpas, Esq., represented Defendant General Motors LLC ("GM"), and David A. Rich represented Defendants U-Haul International, Inc. ("U-Haul") and AMERCO. After careful consideration of the supporting and opposing memoranda and the

arguments presented at the hearing, the Court **DENIES** the Motion to Intervene,

**DENIES** the Motion for Joinder, and **DENIES** the Motion to Remand.

BACKGROUND

On August 27, 2012, Isabel Barragan Mendoza ("Mendoza") was

driving on I-10 with Juan Barragan, her brother, in the passenger's seat.  (Ex. A-3,

Dkt. # 1-6 at 5.)  Mendoza was driving a 2004 GMC Envoy.  (Id.)  Mendoza lost

control of the vehicle, which rolled over, resulting in the deaths of both Mendoza

and Juan Barragan.  (Id.)

Plaintiff Maria Barragan ("Barragan") is the mother of the decedents.[1]

(Dkt. # 14 at 4.)  Plaintiff Angel Alvarez ("Alvarez") is the father of Mendoza's

three children.  (Id.)  On August 27, 2014, Plaintiffs filed suit in the 205th District

Court of Culbertson County, Texas against Defendants GM, U-Haul, and

AMERCO (collectively, "Defendants").  (Ex. A-2, Dkt. # 1-5.)  On November 21,

2014, Plaintiffs filed an amended petition asserting claims against GM for design

defect and manufacturing defect and claims against all Defendants for failure to

warn, misrepresentation, negligence, breach of implied warranty of

merchantability, and breach of implied warranty of fitness for a particular purpose.

(Ex. A-3, Dkt. # 1-6.)

---

[1] At the hearing, Mr. Woodliff clarified that Barragan brings suit in her individual
capacity, not as the representative of Mendoza's estate.

Defendants jointly removed the action to this Court on December 22, 2014, invoking the Court's diversity jurisdiction.  (Dkt. # 1.)  On the Plaintiffs' side, Barragan is a California citizen, and Alvarez's children are citizens of South Carolina.[2]  (Ex. A-3, Dkt. # 1-6 at 3.)  With regard to the Defendants, GM is a Delaware corporation with its principal place of business in Michigan, U-Haul is a Nevada corporation with its principal place of business in Arizona, and AMERCO is a Nevada corporation with its principal place of business in Nevada.  (Dkt. # 1 at 4.)

On January 23, 2015, Campas, as next friend to N.B. and A.B., the children of decedent Juan Barragan, filed a Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure.  (Dkt. # 14.)  GM filed a Response in opposition to the Motion (Dkt. # 16), Campas filed a Reply (Dkt. # 19), and GM filed a Sur-reply (Dkt. # 26-1).  U-Haul and AMERCO jointly filed a Response opposing the Motion to Intervene.  (Dkt. # 27.)

On February 5, 2015, Plaintiffs and Campas jointly filed a Motion for Joinder and Motion to Remand seeking to join Campas under Rule 20 of the Federal Rules of Civil Procedure and remand to state court.  (Dkt. # 23.)  Campas did not contemporaneously withdraw her Motion to Intervene, which is therefore

---

[2] For the purpose of determining diversity jurisdiction, the legal representative of an infant is deemed to have the same citizenship as the infant.  28 U.S.C. § 1332(c)(2).

3

still before the Court.  Defendants jointly filed a Response stating that they do not

oppose joining Campas, but oppose the Motion to Remand.  (Dkt. # 32.)

<u>LEGAL STANDARDS</u>

I.      <u>Intervention Under Rule 24</u>

Rule 24 of the Federal Rules of Civil Procedure provides for

intervention as of right as well as permissive intervention.  Under Rule 24(a),

> On timely motion, the court must permit anyone to intervene who
> (1) is given an unconditional right to intervene by federal statute, or
> (2) claims an interest relating to the property or transaction that is the
> subject of the action, and is so situated that disposing of the action
> may as a practical matter impair or impede the movant's ability to
> protect its interest, unless existing parties adequately represent that
> interest.

Fed. R. Civ. P. 24(a).  To intervene under Rule 24(a)(2),

> (1) the application for intervention must be timely; (2) the applicant
> must have an interest relating to the property or transaction which is
> the subject of the action; (3) the applicant must be so situated that the
> disposition of the action may, as a practical matter, impair his ability
> to protect that interest; [and] (4) the applicant's interest must be
> inadequately represented by the existing parties to the suit.

<u>Ford v. City of Huntsville</u>, 242 F.3d 235, 239 (5th Cir. 2001).  Each of the four

requirements must be satisfied.  <u>Id.</u>

Under Rule 24(b), "On timely motion, the court may permit anyone to

intervene who: (A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of

law or fact."  Fed. R. Civ. P. 24(b)(1).  "In exercising its discretion, the court must

4

consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  "Permissive intervention is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470–471 (5th Cir. 1984) (en banc) (alteration and omission in original) (internal quotation marks omitted).

II.    Permissive Joinder Under Rule 20

Rule 20 of the Federal Rules of Civil Procedure provides that plaintiffs may be joined in an action if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all plaintiffs will arise in the action.  Fed. R. Civ. P. 20(a)(1).  "Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims."  Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010).

"Generally, a permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs . . . ."  Applewhite v. Reichhold

5

Chemicals, Inc., 67 F.3d 571, 574 (5th Cir. 1995).  However, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." Acevedo, 600 F. 3d at 521 (citations omitted).

III.    Remand

        A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a); Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013).  Original jurisdiction may be based on either diversity of citizenship or the existence of a federal question.  Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010).  On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists.  Shearer v. Sw. Serv. Life Ins. Co., 516 F.3d 276, 278 (5th Cir. 2008).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties—in other words, every plaintiff must be diverse from every defendant.  28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008).

        To determine whether jurisdiction is present, the court considers the claims in the state court petition as they existed at the time of removal.  Louisiana

v. Am. Nat'l Prop. Cas. Co., 746 F.3d 633, 637 (5th Cir. 2014) (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)).  Because removal jurisdiction implicates federalism concerns, all ambiguities must be construed in favor of remand.  Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (citing Manguno v. Prudential Prop. & Cas. Co., 276 F.3d 720, 723 (5th Cir. 2002)).

DISCUSSION

## I.   Motion to Intervene

Campas first sought to join this suit by intervening under Rule 24 of the Federal Rules of Civil Procedure.  (Dkt. # 14.)  Although Campas has not withdrawn her Motion to Intervene, Campas, with Plaintiffs, filed a joint Motion for Joinder under Rule 20, and counsel for Campas did not argue her Motion to Intervene at the hearing.  Campas appears to concede what Defendants pointed out in their Responses to Campas's Motion to Intervene: Campas's intervention under Rule 24 is barred by 28 U.S.C. § 1367.

Under § 1367(b), in a civil action in which a district court's original jurisdiction is founded solely on its diversity jurisdiction, a district court does not have supplemental jurisdiction over claims by persons seeking to intervene as plaintiffs under Rule 24 when exercising jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332.  § 1367(b).  Here,

Campas is not diverse from all Defendants—both U-Haul and Campas, through her children, are Arizona citizens.  (Dkt. #24 ¶ 4; Dkt. # 1 at 4.)  Her intervention would therefore be inconsistent with 28 U.S.C. § 1332, which requires that all plaintiffs be diverse from all defendants.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  Campas's intervention is thus barred by § 1367(b), and the Court therefore **DENIES** Campas's Motion to Intervene (Dkt. # 14).

II.     Motion for Joinder and Motion for Remand

        Plaintiffs and Campas have also moved to join Campas as a plaintiff under Rule 20.  Because analysis of the Motion to Remand depends on the disposition of the Motion for Joinder, the Court will discuss them together.

        Campas is the mother of decedent Juan Barragan's children, and the car accident that forms the basis of Plaintiffs' claims against Defendants is also the basis for Campas's claims.[3]  (Dkt. # 24 ¶ 4; Dkt. # 14-1 ¶¶ 26–28.)  Campas's complaint includes claims for design defect, manufacturing defect, failure to warn, misrepresentation, and negligence against GM; design defect, manufacturing defect, negligence, and failure to warn against U-Haul; and vicarious liability and negligence against AMERCO.  (See Dkt. # 14-1.)  Campas also asserts a claim for against Mendoza's estate for Mendoza's alleged negligence in the accident.  (Id.

_____

[3] The Motion for Joinder does not specify Campas's claims.  The Court's analysis is based on the claims set forth in the complaint attached as an exhibit to Campas's Motion to Intervene (Dkt. # 14-1).

¶¶ 143–44.)  Campas thus asserts rights to relief arising out of the same occurrence that forms the basis of Plaintiffs' suit, and many of Campas's causes of action mirror those asserted by Plaintiffs.  Questions of law and fact common to all plaintiffs will certainly arise in the action, and joinder of Campas is therefore permissible under Rule 20.

However, as discussed above, Campas is not diverse from all Defendants—both U-Haul and Campas, through her children, are Arizona citizens. (Dkt. #24 ¶ 4; Dkt. # 1 at 4.)  The Federal Rules of Civil Procedure "do not extend . . . the jurisdiction of the district courts."  Fed. R. Civ. P. 82.  The Supreme Court has consistently interpreted 28 U.S.C. § 1332, the statute governing diversity jurisdiction, to require complete diversity between all plaintiffs and all defendants. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Caterpillar Inc., 519 U.S. at 68); Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").  The purpose of the diversity requirement is

> to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants.  The presence of parties from the same State on both sides of a case dispels this concern, eliminating a principal reason for conferring § 1332 jurisdiction over any of the claims in the action.

Allapattah, 454 U.S. at 553–54.

Defendants, seeking to remain in federal court, contend that the Court can allow Campas to join as a co-plaintiff under Rule 20 and continue to exercise jurisdiction over the case.  (Dkt. # 32 at 4.)  Defendants argue that the Court can exercise supplemental jurisdiction over Campas's claims because Campas's claims are not specifically excluded from the Court's supplemental jurisdiction under 28 U.S.C. § 1367(b).  (Id.)  Under § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." § 1367(a).  Such supplemental jurisdiction includes claims that involve the joinder or intervention of additional parties.  Id.  Under § 1367(b), in a civil action in which a district court's original jurisdiction is founded solely on its diversity jurisdiction, a district court does not have supplemental jurisdiction over (1) claims by plaintiffs against persons made parties under Rules 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or (2) claims by persons proposed to be joined as plaintiffs under Rule 19 or seeking to intervene as plaintiffs under Rule 24, when exercising jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332.  § 1367(b).  Because Campas seeks to be joined as a plaintiff under Rule 20, Defendants argue, Campas's claims fall within

the broad grant of supplemental jurisdiction governed by § 1367(a): "all other claims" that form part of the same case or controversy.

Defendants' argument, however, is foreclosed by the well-established Supreme Court precedent discussed above: for a district court to have jurisdiction under 28 U.S.C. § 1332, all plaintiffs must be diverse from all defendants. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Caterpillar Inc., 519 U.S. at 68); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806). "A failure of complete diversity . . . contaminates every claim in the action." Allapattah, 545 U.S. at 564. While jurisdiction is generally determined as of the time the suit is filed, "addition of a nondiverse party will defeat jurisdiction." Hensgens v. Deere & Co., 833 F.2d 1179, 1180–81 (5th Cir. 1987).

The Supreme Court has explicitly applied the complete diversity requirement to supplemental jurisdiction: "neither the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction," the predecessor of statutory supplemental jurisdiction, "to a plaintiff's cause of action against a citizen of the same state in a diversity case." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 377 (1978). Defendant's reliance on § 1367 is therefore misplaced. Because Campas shares Arizona citizenship with U-Haul, allowing her to join as a co-plaintiff under Rule 20 would destroy the Court's jurisdiction over this action and require remand.

11

"Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere."  <u>Allapattah</u>, 545 U.S. at 554.  The fact that Campas's claims are not excluded from the Court's supplemental jurisdiction under § 1367(b) does not support the assertion that § 1367(a) grants supplemental jurisdiction over claims brought by a nondiverse plaintiff in a diversity case.

   The exceptions set out in § 1367(b) were intended to prevent a plaintiff from circumventing the complete diversity requirement by bringing suit in federal court against diverse defendants and later asserting claims against subsequently joined nondiverse parties.  <u>See</u> H.R. Rep. No. 101-734, at 29 n.16 (1990) (stating that "The net effect of subsection (b) is to implement the principal rationale of <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365 (1978)," which held that a district court did not have ancillary jurisdiction over a state-law claim asserted by the plaintiff against a nondiverse third-party defendant because allowing such jurisdiction would permit "a plaintiff [to] defeat the statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead nondiverse defendants," 437 U.S. at 376–77); <u>see also</u> <u>id.</u> at 28 ("In diversity cases, the district courts may exercise supplemental jurisdiction, except when doing so would be inconsistent with the jurisdictional requirements of the diversity

12

statute.").  Disallowing claims by parties joined as plaintiffs under Rules 19 and 24 similarly ensures that the complete diversity requirement cannot be avoided by omitting nondiverse plaintiffs from the original suit and later allowing them to intervene or be joined.  See Allapattah, 545 U.S. at 565 (noting that Congress may have been "concerned that extending supplemental jurisdiction to Rule 19 plaintiffs would allow circumvention of the complete diversity rule").  Asserting jurisdiction over Campas's claims here would present the same problem— co-plaintiffs could evade, and indeed eviscerate, the complete diversity requirement by having only the diverse plaintiff bring suit in federal court and later joining the nondiverse plaintiff under Rule 20.

The Court recognizes that Defendants' argument is not without basis. Shortly after enactment of § 1367, three law professors who participated in drafting the provision noted:

> Far more serious . . . is section 1367(b)'s silence about supplemental jurisdiction over nondiverse parties proposed to be added after initial filing as plaintiffs under Rule 20 (permissive joinder of parties), given the explicit restriction on supplemental jurisdiction over claims by existing plaintiffs against "persons made parties under Rule . . . 20." Original filing of a diversity complaint by two plaintiffs, one of them not of diverse citizenship from a defendant, remains barred by the complete diversity interpretation of the requirements for original diversity jurisdiction.  Literally, though, section 1367(b) does not bar an original complete diversity filing and subsequent amendment to add a nondiverse co-plaintiff under Rule 20, taking advantage of supplemental jurisdiction over the claim of the new plaintiff against the existing defendant.  We can only hope that the federal courts will plug that potentially gaping hole in the complete diversity

requirement—either by regarding it as an unacceptable circumvention of original diversity jurisdiction requirements, or by reference to the intent not to abandon the complete diversity rule that is clearly expressed in the legislative history of section 1367.

Thomas D. Rowe, Jr., Stephen B. Burbank, & Thomas M. Mengler, <u>Compounding or Creating Confusion About Supplemental Jurisdiction? A Reply to Professor Freer</u>, 40 Emory L.J. 943, 961 n.91 (1991).  To the extent the Supreme Court's consistent application of the complete diversity rule allowed for such a "gaping hole," however, the Court finds that it was plugged in <u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, 545 U.S. 546 (2005).

In <u>Allapattah</u>, the Supreme Court held that § 1367 grants supplemental jurisdiction over claims in which some but not all plaintiffs in a diversity action satisfy the amount in controversy requirement of § 1332.  545 U.S. at 566.  While it did not address the precise issue of joinder under Rule 20 in the context of the complete diversity rule, the Court explicitly distinguished between the amount in controversy requirement and the complete diversity requirement: "Though the special nature and purpose of the diversity requirement mean that a single nondiverse party can contaminate every other claim in the lawsuit, the contamination does not occur with respect to jurisdictional defects that go only to the substantive importance of individual claims"—that is, defects involving the amounts in controversy asserted by individual plaintiffs.  <u>Id.</u>  The Supreme Court held that "the presence of a claim that falls short of a minimum amount in

14

controversy does nothing to reduce the importance of the claims that do meet this requirement," but noted, by contrast, that "the presence of nondiverse parties on both sides of a lawsuit eliminates the justification for providing a federal forum." Id. at 562.

The Second Circuit, interpreting Allapattah, reached the same conclusion—"Exxon makes clear that its expansive interpretation of § 1367 does not extend to additional parties whose presence defeats diversity." Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 179 (2d Cir. 2007). Defendants argue that the Second Circuit's opinion misreads Allapattah by failing to appreciate the distinction between original jurisdiction and supplemental jurisdiction—while complete diversity is required for the former, Defendants argue, it is not required for the latter.  (Dkt. # 50-1 at 4.)  The Supreme Court's discussion of the complete diversity requirement, however, makes no such distinction.  While Allapattah did not directly address the situation here, nothing in its reasoning suggests that a district court in a diversity action may exercise supplemental jurisdiction over the state law claims of a nondiverse plaintiff—over which it certainly would not have had jurisdiction if the nondiverse plaintiff been present at the time of removal—simply because the nondiverse plaintiff was joined

later under Rule 20.[4]  To the contrary, "it is clear that a diversity-destroying party joined after the action is underway may catalyze loss of jurisdiction." Merrill Lynch & Co. Inc., 500 F.3d at 179; see also 28 U.S.C. § 1447(e) (providing that a district court may either deny joinder or grant joinder and remand to state court where a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction"); Allapattah, 545 U.S. at 565 (noting that a nondiverse plaintiff joined later under Rule 19 would destroy diversity jurisdiction).

A more recent Second Circuit decision, presented with the same procedural posture at issue in this case, confirmed its previous holding—"federal

---

[4] Defendants argue that the Supreme Court's discussion of the differential treatment of Rules 19 and 20 under § 1367(b) recognized that plaintiffs joined under Rule 20 were not excluded from supplemental jurisdiction, and noted that even if the omission was a drafting error, "it is up to Congress rather than the courts to fix it." See Allapattah, 545 U.S. at 565.  The cited discussion, however, is made entirely in the context of the amount in controversy requirement, and is followed by reasoning suggesting that joinder of a nondiverse plaintiff, even absent §1367(b), would be impermissible for failure to comply with the complete diversity requirement:

> An alternative explanation for the different treatment of Rules 19 and 20 is that Congress was concerned that extending supplemental jurisdiction to Rule 19 plaintiffs would allow circumvention of the complete diversity rule: A nondiverse plaintiff might be omitted intentionally from the original action, but joined later under Rule 19 as a necessary party.  The contamination theory described above, if applicable, means this ruse would fail, but Congress may have wanted to make assurance double sure.

Id. (citation omitted).

subject matter jurisdiction under Section 1332(a)(3) requires complete diversity of all parties, regardless of how they joined the action." <u>Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co., Inc.</u>, 732 F.3d 111, 119 (2d Cir. 2014).  In <u>Morgan Stanley</u>, a party permissively added as a plaintiff under Rule 20 after the suit had been commenced was a state entity, and thus was not diverse for the purpose of § 1332.  <u>Id.</u> at 118.  It argued, as Defendants do here, that it could nevertheless remain in the suit based on the district court's supplemental jurisdiction because § 1367(b) does not exclude plaintiffs joined under Rule 20.  <u>Id.</u>  Noting that "the discussions of complete diversity in <u>Exxon</u> and <u>Merrill Lynch</u> follow a long line of cases" requiring complete diversity between all plaintiffs and all defendants, the Second Circuit held that the district court did not have subject matter jurisdiction over the nondiverse party's claims.  <u>Id.</u> at 119.

The D.C. Circuit has also considered and rejected Defendants' argument.  In <u>In re Lorazepam & Clorazepate Antitrust Litigation</u>, defendants objected on appeal that plaintiffs, who were not originally named as plaintiffs but who were in fact the real parties in interest, were not completely diverse from all defendants.  631 F.3d 537, 539–40 (D.C. Cir. 2011).  The plaintiffs, citing <u>Allapattah</u>, argued that once the district court had jurisdiction over the named plaintiffs, it could exercise supplemental jurisdiction over the additional plaintiffs.  <u>Id.</u> at 541.  The D.C. Circuit, finding that the Supreme Court in <u>Allapattah</u> made

clear that it was not overturning its longstanding requirement of complete

diversity, ruled that the presence of a nondiverse party deprived the district court of

jurisdiction over any of the claims, leaving nothing to which supplemental

jurisdiction could attach.  Id. at 541–42.

The Court further notes that several district courts have considered the

complete diversity requirement with regard to the joinder of additional parties in

light of Allapattah and found that supplemental jurisdiction cannot be used to

circumvent the requirement that all plaintiffs be diverse from all defendants.  See

Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc., 921 F. Supp. 2d 158,

161–63 (S.D.N.Y. 2013), aff'd by Pa. Pub. Sch. Emps. Ret. Sys., 732 F.3d at 119

(2d Cir. 2014); Tuttobene v. Assurance Grp., Inc., No. 3:10-0978, 2012 WL

2871848, at *3 (M.D. Tenn. July 12, 2012); Jonsson v. Nat'l Feeds, Inc., No. 2:11-

CV-00140BSJ, 2012 WL 425274, at *4–6 (D. Utah Feb. 9, 2012).  Wright and

Miller's treatise on federal jurisdiction reaches the same conclusion.  See Charles

Alan Wright & Arthur R. Miller, 13E Federal Practice & Procedure Jurisdiction

§ 3506 (3d ed.) (stating that "Justice Kennedy's opinion for the Court [in

Allapattah] drew a sharp distinction between the requirement of complete diversity

and that of jurisdictional amount," and that "[b]ecause the Allapattah decision is

limited to the use of supplemental jurisdiction to override a jurisdictional amount

defect, it does not compromise the complete diversity rule").

The Court notes that the situation presented here is relatively unusual. In cases removed based on diversity of citizenship, it is far more common for a plaintiff to subsequently seek to join additional defendants, who may not be diverse from the plaintiff.[5] See, e.g., Hensgens, 833 F.2d at 1181 (requiring remand where a plaintiff amended her complaint to add a nondiverse defendant following removal to federal court). In light of Supreme Court precedent and the persuasive authority provided by the Second and D.C. Circuits, however, the Court finds that it may not allow joinder under Rule 20 of a plaintiff who is not diverse from all defendants while retaining diversity jurisdiction over the case.[6]

---

[5] Presumably, this is because a plaintiff who wished to avoid removal to federal court, and knowing of the existence of a nondiverse potential co-plaintiff, would normally file suit together with the co-plaintiff at the outset of the litigation.

[6] The Court has found two magistrate judge opinions and one district court opinion that have allowed nondiverse plaintiffs to be added to a diversity action without then remanding. These cases, however, are unpersuasive. In Best Dev. & Constr. Corp. v. AmSouth Bank, No. 3:05 CV 251 PHILLIPS, 2005 WL 2249868, at *4 (E.D. Tenn. Sep. 15, 2005), the magistrate judge's recommendation failed to appreciate that Allapattah's discussion of supplemental jurisdiction over plaintiffs joined under Rule 20 was made in the context of § 1332's amount in controversy requirement, which the Supreme Court explicitly distinguished from the complete diversity requirement. The magistrate judge's ruling in Gemini Investors, Inc. v. Ches-Mont Disposal, LLC, 629 F. Supp. 2d 170, 174 (D. Mass. 2009), also cites Allapattah's discussion of supplemental jurisdiction under Rule 20, made in the context of the amount in controversy requirement, to support the proposition that a nondiverse plaintiff can be added to a diversity action in spite of the rule of complete diversity.

Finally, Sunpoint Sec., Inc. v. Porta, 192 F.R.D. 716 (M.D. Fl. 2000), is of limited persuasiveness because it was decided before the Supreme Court's discussion of the complete diversity requirement in Allapattah. The court in that

The question before the Court is thus whether to deny joinder or to allow joinder and remand to state court.  The addition of nondiverse defendants by a plaintiff is governed by 28 U.S.C. § 1447(e), which provides that where a plaintiff seeks to join, after removal, additional defendants whose joinder would destroy subject matter jurisdiction, the court may either deny joinder or permit joinder and remand the action to the State court.  § 1447(e).  Here, however, Plaintiffs seek to join a co-plaintiff, and the statute is thus not applicable.

Without analogous statutory guidance with respect to the joinder of co-plaintiffs, and finding no authority for the proposition that the Court may apply to this situation the balancing of interests set out by the Fifth Circuit for joinder of nondiverse defendants, see Hensgens, 833 F.2d at 1181, the Court's decision must be based on the jurisdictional requirements of § 1332 alone.  Because Campas is not diverse from all Defendants, the Court cannot assume jurisdiction over Campas's claims.  § 1332(a); see also 13E Federal Practice & Procedure Jurisdiction § 3608 ("[P]arties that are joined under Rules 19 and 20 . . . must independently satisfy the basic jurisdictional requirements for diversity cases . . . .

---

case, while recognizing that the Rule 20 joinder of a co-plaintiff "destroys diversity," nevertheless allowed the co-plaintiff to be joined because claims by plaintiffs under Rule 20 were not expressly disallowed by §1367(b).  Id. at 719. As discussed above, however, the fact that the claims of a plaintiff seeking to join under Rule 20 is not excluded from the court's supplemental jurisdiction by § 1367(b) does not mean that a court may exercise supplemental jurisdiction over a nondiverse plaintiff in a diversity action under § 1367(a).

This limitation on supplemental jurisdiction is thought to be necessary in order to prevent diversity jurisdiction from being artificially created by utilizing Rule 19 or Rule 20 to bring in a nondiverse party after the initial complaint is filed; if it were otherwise, the rule of complete diversity might be undermined and the limited subject matter jurisdiction of the federal courts improperly expanded.")  The Court therefore **DENIES** Plaintiffs and Campas's Motion for Joinder pursuant to Rule 20 (Dkt. # 24).

Absent Campas's claims, all Plaintiffs remain completely diverse from all Defendants, and jurisdiction is therefore proper under § 1332(a).  The Court therefore **DENIES** Plaintiffs' Motion for Remand (Dkt. # 24).

CONCLUSION

For the foregoing reasons, the Court **DENIES** Campas's Motion to Intervene (Dkt. # 14), **DENIES** Plaintiffs and Campas's Motion for Joinder (Dkt. # 24), and **DENIES** Plaintiffs and Campas's Motion to Remand (Dkt. # 24).

**IT IS SO ORDERED.**

**DATE:** Pecos, Texas, July 6, 2015.

_____
David Alan Ezra
Senior United States Distict Judge