THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA BARRAGAN, and ANGEL ALVAREZ, as next friend of A.A., JR., A.A, and A.A, | § § § § | No. SA-15-CV-854-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| GENERAL MOTORS LLC, U-HAUL INTERNATIONAL, INC., and KELTON'S INC., | § § § § | |
| Defendants. | § | |

<u>ORDER GRANTING IN PART MOTION TO SUBSTITUTE COUNSEL</u>

Before the Court is a Motion to Substitute Counsel, filed on May 20, 2016, by Plaintiffs Maria Barragan and Angel Alvarez, as the next friend of A.A., Jr., A.A., and A.A. (collectively, "Plaintiffs"). (Dkt. # 90.) The Motion is opposed by Defendants General Motors, LLC ("GM"), Kelton's, Inc. ("Kelton's") and U-Haul International, Inc. ("U-Haul") (collectively, "Defendants"). Pursuant to Local Rule CV-7(h), this matter is suitable for disposition without a hearing. For the reasons stated below, the Motion to Substitute Counsel is **GRANTED IN PART** (Dkt. # 90).

1

<u>BACKGROUND</u>

The instant motion relates to an accident which occurred on August 27, 2012.  ("3d Am. Compl.," Dkt. # 70 at 2.)  Isabel Barragan Mendoza, deceased, was driving a 2004 GMC Envoy with an attached U-Haul trailer when she lost control of the vehicle, resulting in her death and the death of her brother Juan Barragan.  (<u>Id.</u>)

On August 27, 2014, Plaintiffs Maria Barragan and Angel Alvarez, as the next friend of minor children A.A. Jr., A.A., and A.A.—children of decedent Isabel Barragan and Angel Alvarez—brought suit in state court against U-Haul, GM, and now-dismissed AMERCO.  (Dkt. # 1-5.)  On December 22, 2014, then-Defendants removed the case to federal court, invoking the Court's diversity jurisdiction.  (Dkt. # 1.)

On January 23, 2015, Ruby Campas filed a Motion to Intervene in the instant suit pursuant to Federal Rule of Civil Procedure 24, on behalf of her children N.B. and A.B., whose father Juan was killed in the accident.  (Dkt. # 14.) Raymond McElfish, Esq., represented Campas in filing the proposed complaint, which asserted claims for design defect, manufacturing defect, failure to warn, misrepresentation, and negligence against GM.  (Dkt. # 14-1.)  The proposed complaint also asserted design defect, manufacturing defect, negligence and failure

to warn claims against U-Haul.  (Id.)  These claims were nearly identical to those asserted by Plaintiffs in the instant suit. (3d Am. Compl.)

However, the proposed complaint also asserted a claim against the estate of Isabel Barragan, alleging her liability in negligence, and stated: "Decedent Driver Isabel Barragan Mendoza negligently operated the subject vehicle-trailer combination.  Her negligent operation of the vehicle is the partial proximate and partial actual cause of the subject collision."  (Dkt. # 14-1 ¶ 144; see also id. ¶ 24.)

On February 5, 2015, Plaintiffs and Campas, represented both by Mr. McElfish and Mr. Woodliff, Plaintiffs' lead attorney, filed a Joint Motion for Joinder pursuant to Federal Rule of Civil Procedure 20, stating that Campas, as next friend of N.B. and A.B., was a "necessary and indispensable part[y]."  (Dkt. # 24 at 2.)

On July 7, 2015, this Court issued an order addressing both the Motion to Intervene and the Motion for Joinder.  (Dkt. # 60.)  The Court found the Motion to Intervene was barred by 28 U.S.C. § 1367, and noted that Campas appeared to have abandoned the motion.  (Id. at 7–8.)  The Court also denied the Motion for Joinder after finding that Campas shares Arizona citizenship with Defendant U-Haul, determining her joinder would destroy diversity jurisdiction, and finding no legal authority justifying the exercise of supplemental jurisdiction after the joinder of a non-diverse co-plaintiff.  (Id. at 9–21.)

3

The instant motion seeks to substitute attorney Raymond D. McElfish, Esq., of the McElfish Law Firm, as lead counsel for Plaintiffs in the place of Bradley Kizzia, of the law firm Kizzia Johnson PLLC.  (Dkt. # 90 at 1.)  On May 24, 2016, Defendants filed a Response objecting to the Motion.  (Dkt. # 91.)  On May 31, 2016, Plaintiffs filed a Reply.  (Dkt. # 92.)

## APPLICABLE LAW

In the Western District of Texas, "[a]n attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney."  W.D. Tex. Civ. R. AT-3.

Courts generally "do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification."  In re Yarn Processing Patent Validity Litig., 530 F.2d 83, 88 (5th Cir. 1976) (collecting cases).  To hold otherwise would permit a party who was never represented by the attorney he seeks to disqualify "to use the conflict rules for his own purposes where a genuine conflict might not really exist."  Id. at 90.

## ANALYSIS

### A.  Whether Kizzia complied with Local Rule AT-3

Defendants object that Kizzia failed to comply with Local Rule AT-3 because his initial Motion to Substitute Counsel does not explain his rationale for seeking to withdraw.  Plaintiffs' Reply remedies the error by explaining that the

4

motion to substitute counsel is based upon a strategic disagreement; it offers to present further information to the Court, in camera.  (Dkt. # 92 at 5.)  Kizzia's original motion otherwise complied with Rule AT-3 and provided McElfish's contact information to the Court.  (Dkt. # 90 at 1.)  This information is sufficient to permit withdrawal.

B. <u>Whether Rule 1.06 prevents representation</u>

Texas Rule of Professional Conduct 1.06 prohibits a lawyer from representing a client if that representation "involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer."  Tex. Rule Prof'l Cond. 1.06(b)(1).  This prohibition may be waived if "the lawyer reasonably believes the representation of each client will not be materially affected" and each "client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation . . ."  <u>Id.</u> at 1.06(c)(1)–(2).

Defendants argue that Rule 1.06 prohibits McElfish from representing Plaintiffs, due to a potential conflict of interest resulting from the filing of Campas' Motion to Intervene, which alleged that Isabel Barragan Mendoza was negligent. McElfish responds that "[a]ll potentially affected individuals, including Plaintiffs Maria Barragan and Angel Alvarez [sic] are aware of the facts and circumstances

5

regarding claims made against the Estate, and wish for McElfish to represent them in this matter." (Dkt. # 92 at 4.) While Mr. McElfish has not provided evidence for the Court to verify this information, Campas has not appeared in the case to oppose McElfish's representation of Plaintiffs. Defendants cannot seek to disqualify McElfish on the basis of a potential conflict between Campas and Plaintiffs, where Defendants do not allege they were ever represented by McElfish in this or any other manner.[1]

While Defendants are not the appropriate parties to raise the issue of conflict, it is unlikely that a conflict exists, even if they were. See In re Yarn, 530 F.2d at 88–90. As the Court noted in its July 2015 Order, it appears that Campas abandoned her motion to intervene in the instant suit. (Dkt. #60 at 7–8.) Campas' Motion for Joinder was filed jointly with Plaintiffs, was signed and filed by McElfish on behalf of both Campas and Plaintiffs, and does not allege negligence against Isabelle Barragan Mendoza. (Dkt. # 24.)   It is accordingly likely that the Plaintiffs and Campas – to the extent she may desire to pursue any further claim in state court – are pursuing the same objectives at this point, and have reconciled or abandoned potentially competing interests.

---

[1] Nonetheless, McElfish is on notice that he is bound to abide by Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct.

C.  Additional Defense Objections

Defendants raise two additional objections to the substitution of the McElfish Law Firm for Kizzia Johnson PLLC.  (Dkt. # 91 at 1, 3.)  First, Plaintiffs' motion explicitly stated: "[c]ounsel for Plaintiffs has conferred with counsel for Defendants regarding the merits of the Motion.  Counsel for Defendants have indicated that they do not oppose this Motion."  (Dkt. # 90 at 2.)  However, Defendants state that neither Kizzia nor McElfish conferred with counsel for any Defendant prior to filing the motion, and that they would have opposed the motion, had any party conferred with them.  (Dkt. # 91 at 3.)

While this failure is not grounds for denying the motion, and while this misrepresentation may have been merely a careless use of a motion template, Mr. D. Bradley Kizzia, whose signature is on the pleading, is reminded of Rule 11 and the possible consequences for violation of the rule.  "By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief . . . the factual contentions have evidentiary support . . .".  Fed. R. Civ. P. 11(b)(3).

Second, Defendants object that the substitution of counsel at this stage is a dilatory tactic.  (Dkt. # 91 at 1.)  The Court will not permit Plaintiffs to continue the motion hearing scheduled for June 22, 2016, due to the change in

7

counsel.  Additionally, the Court will not continue the deadlines set forth in the most recent scheduling order in this case due to change in counsel.  (Dkt. # 68.)

D. Other Considerations

Plaintiffs' instant motion requests an order substituting Raymond McElfish as lead counsel, rather than co-counsel, in the place of Bradley Kizzia. (Dkt. # 90 at 1.)  The firm Kizzia & Johnson PLLC only made an appearance on behalf of Plaintiffs on February 22, 2016, as co-counsel alongside Robert P. Woodliff.  (Dkt. # 74.)  Robert P. Woodliff, Esq., is still the lead attorney of record on this Court's docket, and has not provided any notice to the Court indicating otherwise.  Accordingly, Plaintiffs' Motion is **DENIED** to the extent it seeks to substitute the McElfish Law Firm as lead counsel, rather than co-counsel.  (Dkt. # 90.)

CONCLUSION

For the reasons stated above, and in spite of the various deficiencies of Plaintiffs' original Motion to Substitute Counsel, the Motion is **GRANTED IN PART** (Dkt. # 90).  Mr. Kizzia and the firm Kizzia Johnson PLLC are hereby **REMOVED** as co-counsel of record for Plaintiffs, and are **REPLACED** by Mr. McElfish, of the McElfish Law Firm.

8

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, June 14, 2016.

David Alan Ezra
Senior United States Distict Judge